### GROSHON v. LYON.

On a plea of another suit pending for the same cause of action, the true test is the relief sought in the complaint in the second action.

Where such a defense is interposed, the true practice is not for the plaintiff to reply, but to have it referred to inquire whether both suits are for the same cause of action.

THE action was brought for the purpose of having the defendant removed as trustee of certain property, in which the plaintiff claimed a beneficial interest, and another person appointed in his place; and the complaint prayed that the defendant might account for all the trust property received by him, or which he might have received if he had performed the trusts according to the directions concerning the management thereof, together with interest thereon, and might pay over the same to such person as the court might direct; and that he might render the plaintiffs compensation in damages for the breaches of trust committed by him.

The defendant in his answer, stated, that on the 5th of February, 1848, he made application to the court, to render an account of his acts as trustee, and to have his accounts settled; that an order was made referring it to Philo T. Ruggles, referee, to state the accounts. That proceedings were commenced before the referee, under this order; that the proceedings were still undetermined before the referee; "that the adult plaintiffs have there raised the same question as to the investment of the trust fund, as is presented by the complaint in this action;" and that all matters complained of in this action, and all parties thereto, were before the court in that proceeding, for adjustment and determination, and where

Groshon v. Lyon.

they were properly cognizable and relievable, which the defendant insisted on, in bar of this action.

The referee, to whom the cause was referred, reported that all the objects sought to be attained by the complaint in this action might be secured by the proceedings under the trustee's petition; and that such proceedings were a bar to this action.

*W. N. Dyckman, and B. F. Butler*, for the appellants.

*A. Hamilton, Jr.*, for the respondent.

*Edmonds, J.:* The best test of the question whether the proceedings before the referee, Ruggles, ought to be a bar to this action, will be found in the prayer of the plaintiff's complaint and not in such considerations as the plaintiff may thrust into the argument.

That prayer is: First, that Lyon may be removed as trustee; Second, that he account for all the property which he has received or might have received as trustee; and, third, may pay over the balance awarded against him as the court may direct. All these matters can be reached as well on the accounting and incidentally in that proceeding as well as here, and there is no occasion to harrass the parties by this double proceeding.

The mistake is in supposing that in this suit the order of the court authorizing the purchase of the Franklin street houses and the purchase pursuant to it, can be vacated.

There is no prayer to that effect in the complaint — no such relief is asked for. And in this suit in its present form, as well as in the proceedings to account, that matter must be regarded as *res adjudicata*, and I cannot therefore discover any relief that can properly be granted in this suit, that cannot be fully attained in that proceeding.

There is, however, another reason why the report of the referee was right. It was irregular for the plaintiff to reply to the plea of another suit pending. The true practice was to have obtained a reference to ascertain whether or not both

suits were for the same matter. If the referee should report that both are for the same matter, that ends the second suit, but if he should report that they are not, the plea is *ipso facto* overruled and the suit proceeds upon the other issues.

Such was the practice in the old Court of Chancery and is altogether the most convenient one to adopt in suits under the Code. The plea of another suit pending is to be determined by the record, and it is altogether more convenient that that defense should be disposed of and be got out of the way, before the parties are put to the expense of going down to trial on the merits.

Under the Code, the parties are allowed so far to plead double, that I think it very probable they may form at the same time issues of fact on the merits and an issue of another suit pending. If they may, it would be very mischievous and inconvenient to let both issues be carried down to trial at the same time and the whole merits be gone into, when the suit may be finally terminated on the plea of *lis pendens.*

The motion to set aside the report must be denied with costs.

[NOTE — This case was affirmed at General Term. See 16 Barb. 461.]